DANIEL & ALVINA TERRIBILE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terribile v. Commissioner
Docket No. 15115-79.
United States Tax Court
T.C. Memo 1981-351; 1981 Tax Ct. Memo LEXIS 395; 42 T.C.M. (CCH) 336; T.C.M. (RIA) 81351; July 6, 1981
*395 Daniel Terribile, pro se. Alan I. Appel, for the respondent FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $ 573. The sole issue for decision is whether petitioners are entitled to any deductions for charitable contributions, medical expenses, and interest expenses for 1976. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in Mount Vernon, New York, at the time the petition herein was filed. They timely filed their joint Federal income tax return for 1976 with the appropriate office of the Internal Revenue Service. On their 1976 return petitioners claimed various itemized deductions totaling $ 5,347. Included in this amount were medical expenses of $ 2,537, interest expenses of $ 847, and charitable contributions of $ 350. Respondent has determined that petitioners are not entitled to these interest, medical, and charitable contribution deductions because they have failed to substantiate them. Having accepted only $ 1,613 of petitioners' total itemized deductions, respondent allowed *396 them a standard deduction for 1976 of $ 2,590. OPINION The petitioners herein have the burden to overcome the presumption of correctness which attaches to respondent's determination and to prove their entitlement to the claimed deductions. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At trial petitioners proved by credible evidence that they had incurred and paid $ 900 of medical expenses (net $ 415 after the three percent adjusted gross income limitation), $ 400 of charitable contributions, and $ 132.93 of interest expenses. Adding these deductible amounts to the $ 1,613 of itemized deductions allowed by respondent, petitioners' total itemized deductions amounted to $ 2,560.93. In his statutory notice respondent allowed petitioners a standard deduction of $ 2,590. Because their standard deduction exceeds their itemized deductions, petitioners are entitled to the larger standard deduction in computing their tax for 1976. Accordingly, Decision will be entered for the respondent.